UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAZMINE I. ROBERTS,

                  Plaintiff,

-against-

EMBLEMHEALTH NEIGHBORHOOD CARE; JANE DOE CUSTOMER SERVICE REPRESENTATIVES; AND JOHN DOE MANAGER,

                  Defendants.

24-CV-1857 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jazmine I. Roberts, a Queens resident who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. She names as Defendants EmblemHealth Neighborhood Care ("Emblem"), three Jane Doe Customer Service Representatives (in Queens, over the telephone, and in Manhattan, respectively) and John Doe Manager.[1] By order dated May 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses Plaintiff's complaint due to failure to state a claim.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] From this point forward, these individual defendants will be referred to as Jane Doe Rep 1, Jane Doe Rep 2, Jane Doe Rep 3, and John Doe Manager, respectively.

dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff alleges that, as a result of HealthFirst disenrolling her due to her loss of special needs status, she went to Emblem to reenroll into a marketplace plan. (ECF No.1 at 5). Plaintiff, however,

> was told by an receptionist of Eblem Health to call a Customer Care Rep named Felicia because at 52 Duane St NY, NY there aren't any enrollment customer service specialist. Once I called the customer service specialist for Eblem, Felicia said I have to call someone eles to complete the enrollment process. Which ended up with me trying to scheduel an in person visit at one of the indicated offices.[3] All of the indicated offices mentioned as places of occurrence have denied me the right to an enrollment reasonable accommodation.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff lists offices at 41-61 Kissena Boulevard in Queens, NY and 215 W 125th Street in Manhattan, NY.

(*Id*). Plaintiff alleges that she needs a "NYS Medicaid market healthplan in order to get the appropriate healthcare services" for her "pre-existing medical histories as well as current medical histories." (*Id.* at 6). She is "experiencing STD outbreaks, lapses in [her] mental health therapy and psychotropic medication regime." She states the relief she is seeking is "unknown" but does state that not being offered reasonable accommodations has negatively impacted her health (*Id.*). She identifies the following as federal constitutional or federal statutory rights that have been violated: "denial of compliances with Healthcare, NYSDH, NYSDCMH, ADA, Human Rights." (*Id.* at 2).

## DISCUSSION

**A.    Private Defendants**

Because Plaintiff asserts that Defendants violated her rights, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). "[N]either a state nor its officials acting in their official capacities are "persons" under [Section] 1983," except in certain circumstances not at issue here. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Defendant Emblem is a not-for-profit, private health insurer that contracts with the state of New York to offer health coverage for Medicare-eligible individuals.[4] Plaintiff has not alleged that Emblem has acted under color of state law, and a defendant's affiliation with Medicaid programs does not make that defendant a state actor. *See, e.g.*, *Fahmy v. Duane Reade, Inc.,* No.

---

[4] *See* EmblemHealth, *Explore Medicare Advantage Plans*, https://www.emblemhealth.com/plans/medicare-advantage[https://perma.cc/2RKH-WBDL] (last visited July 19, 2024).

3

05-CV-9479, 2006 WL 2322672, at *4 (S.D.N.Y. Aug. 8, 2006) ("Even if defendants were associated with the government by virtue of Duane Reade's prescription drug business, this association, presumably based on regulation or subsidization, would not imply state action."); *see also Houston v. Highland Care Ctr., Inc.*, No. 23-CV-8186, 2024 WL 638721, at *2 (E.D.N.Y. Jan. 26, 2024) ("The defendant is not a state actor simply because it participated in Medicare and Medicaid programs."); *Veldhuis v. Geico Gen. Ins. Co.*, No. 22-CV-1042, 2023 WL 319576, at *4 (D. Conn. Jan. 19, 2023) ("The Supreme Court has rejected an argument that a private insurance company constitutes a 'state actor' for purposes of 1983 simply because the insurance company is subject to state regulation."). Accordingly, Plaintiff's claims against Emblem under 42 U.S.C. section 1983 fail to state a claim upon which relief may be granted and must be dismissed.

Plaintiff's Section 1983 claims against Jane Doe Reps 1 – 3 and John Doe Manager must also be dismissed. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because these individual Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff cannot state a claim against these Defendants under Section 1983.

Plaintiff's Section 1983 claims are therefore dismissed for failure to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.     **ADA Claim**

Plaintiff additionally asserts a violation under the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 2.) To establish a violation under the ADA, Plaintiff must show (1) that she is a "qualified individual" with a disability; (2) that Defendant is subject to the ADA; and (3) that she was denied the opportunity to participate in or benefit from Defendant's services, programs, or activities, or was otherwise discriminated against by the Defendant, by reason of her disability. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *see also* 42 U.S.C. § 12132 ("No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. "There can be no action for violation of the ADA without an allegation that the complained of deprivation was a result of the plaintiff's disability." *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 277-78 (E.D.N.Y. 2005) (citing *Baker v. New York*, No. 04-CV-6221, 2004 WL 1682780 (W.D.N.Y. May 28, 2004)).

Although Plaintiff invokes the ADA, she provides no facts suggesting that she is disabled within the meaning of the ADA. Moreover, even assuming that Plaintiff's "pre-existing medical histories as well as current medical histories," qualify as disabilities under the ADA, Plaintiff fails to allege facts showing that Defendants' alleged actions against her occurred because of those conditions. (ECF No. 1 at 6). Plaintiff states that the Emblem offices denied her "the right to an enrollment reasonable accommodation," (*id.*) but since she fails to allege facts showing any causal relationship between her alleged disability and the Defendants' actions, her ADA claim fails. *See Buckley v. Med. Bd. & Psychs. of Respective States*, No. 17-CV-8450, 2017 WL 8777380, at *2-3 (S.D.N.Y. Nov. 28, 2017) (dismissing ADA claim where plaintiff did not allege

5

any disability or allege any causal connection between the alleged disability and defendants' actions). Plaintiff's ADA claims are therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) (B)(ii).

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend her complaint because it appears that the defects in the complaint cannot be cured with an amendment.

**D.     Litigation History and Warning**

Plaintiff is not a stranger to this Court. A review of the Public Access to Court Electronic Records ("PACER") system reveals that from October 7, 2020 through June 24, 2024, Plaintiff filed 16 actions in this Court, eight of which have been dismissed. *See Roberts v. Guidance Ctr. of Westchester*, ECF 1:20-CV-8409, 12 (S.D.N.Y. Sept. 20, 2021) (dismissing complaint for failure to state a claim); *Roberts v. U.S. Marshall Serv.*, ECF 1:21-CV-11234, 6 (S.D.N.Y. July 27, 2022) (dismissing complaint as barred by the doctrine of sovereign immunity); *Roberts v. U.S. Dist. Ct. for the S.D.N.Y.*, ECF 1:22-CV-0127, 6 (S.D.N.Y. Jan. 10, 2022) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii)); *Roberts v. The N.Y. State Dep't of Tax'n and Finance*, ECF 1:22-CV-0208, 7 (S.D.N.Y. Apr. 4, 2022) (dismissing complaint on Eleventh Amendment immunity grounds, lack of subject matter jurisdiction, and failure to state a claim); *Roberts v. St. Joseph's Med. Ctr.*, ECF 1:23-CV-07384, 5 (S.D.N.Y. Dec. 1, 2023) (dismissing complaint without prejudice for lack of subject matter jurisdiction); *Roberts v. Amtrak R.R. Co.*, ECF 1:23-CV-8093, 6 (S.D.N.Y. Jan. 9, 2024) (dismissing complaint as barred by the doctrine of sovereign immunity and for lack of subject matter jurisdiction); *Roberts v.*

*Narayan Pharmacy*, ECF 1:24-CV-1317, 5 (S.D.N.Y. May 1, 2024) (dismissing complaint for lack of subject matter jurisdiction); *Roberts v. Montefiore Mount Vernon, Univ. Hosp. for Albert Einstein Coll. of Med.*, ECF 1:24-CV-1385, 5 (S.D.N.Y. May 2, 2024) (dismissing complaint for lack of subject matter jurisdiction).

In light of Plaintiff's litigation history, she was or should have been aware when she filed this case that her claims lack merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff is therefore warned that the further filing of nonmeritorious cases may result in an order directing her to show cause why she should not be prohibited from filing any further actions in this court IFP without first obtaining permission from this court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is warned that the further filing of nonmeritorious cases may result in an order directing her to show cause why she should not be prohibited from filing any further actions in this court IFP without first obtaining permission from this court to file.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  September 9, 2024
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge